# In the United States Court of Federal Claims

No. 24-1021C

(Filed: August 7, 2024)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **JENNIFER ANN RYAN,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| **Defendant.** | ) ) |

*Jennifer Ann Ryan*, Los Angeles, CA, *pro se*.

*Matney Elizabeth Rolfe*, United States Department of Justice, for Defendant.

## OPINION AND ORDER

*SOLOMSON*, **Judge**.

On January 19, 2024, *pro se* Plaintiff, Jennifer Ann Ryan, a resident of Los Angeles, California, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), ECF No. 2, which the Court granted, ECF No. 5. The Court also stayed the case while it reviewed Plaintiff's complaint for probable lack of jurisdiction. *Id.*; *see also* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").[1]

Plaintiff's complaint is nearly impossible to understand and lacks specific factual allegations. From what the Court can decipher, however, Plaintiff alleges that the United States Postal Service and/or its employees are "violating [her] civil rights" through some kind of "unlawful change of address." Compl. at 1. As to relief, Plaintiff states: "I would like the law to be extended to its full capacity in regards to consequences when the federal law is broken by a federal employer." Compl. at 3 (spelling errors corrected).

---

[1] In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3). This may be done "at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). A court "may and should raise the question of its jurisdiction *sua sponte*" where jurisdiction is in doubt. *Miller v. United States*, 67 Fed. Cl. 195, 198 (2005).

Plaintiff is proceeding *pro se*, and this Court generally holds *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

For the reasons set forth below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*" (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First,* the Tucker Act limits this Court's jurisdiction to claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims' . . . jurisdiction is confined to the rendition of money judgments in suits brought

for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). The Court thus lacks jurisdiction to decide claims against individuals (whether in their official or personal capacity) or state or local governments. *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). To the extent the complaint alleges facts that would give rise to any legal claims, Plaintiff's complaint only alleges that "postal employees" violated unnamed "federal regulations." Compl. at 1. However, the Court does not have jurisdiction to hear claims against individual, unnamed postal workers. Thus, the Court lacks jurisdiction to decide these claims.

*Second*, even to the extent Plaintiff plausibly alleges claims against the federal government, she "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would locate her claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). Ms. Ryan's allegation that postal workers have engaged in some unspecified wrongdoing — even if the allegation were coherent — does not state a claim within our Court's Tucker Act jurisdiction. In the absence of facts amounting to claims pursuant to a "contract[] with the United States, actions to recover illegal exactions of money by the United States, [or] actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions," *Roth*, 378 F.3d at 1384, Ms. Ryan at best alleges a tort (although there are insufficient facts to state even a tort claim). Accordingly, the Court does not have jurisdiction to hear these claims.

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

    s/Matthew H. Solomson
    Matthew H. Solomson
    Judge